*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2000 FED App. 0136P (6th Cir.)
File Name: 00a0136p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

---

UNITED STATES OF AMERICA,
   *Plaintiff-Appellee,*

    *v.*     No. 98-2243

JEROME L. WOOD,
   *Defendant-Appellant.*

Appeal from the United States District Court
for the Eastern District of Michigan at Detroit.
No. 98-80147—Lawrence P. Zatkoff, Chief District Judge.

Argued: December 10, 1999

Decided and Filed: April 17, 2000

Before: JONES, COLE, and GILMAN, Circuit Judges.

---

## COUNSEL

**ARGUED:** Arthur Jay Weiss, ARTHUR JAY WEISS & ASSOCIATES, Farmington Hills, Michigan, for Appellant. David J. Debold, ASSISTANT UNITED STATES ATTORNEY, Detroit, Michigan, for Appellee. **ON BRIEF:** Arthur Jay Weiss, ARTHUR JAY WEISS & ASSOCIATES, Farmington Hills, Michigan, for Appellant. David J. Debold, ASSISTANT UNITED STATES ATTORNEY, Detroit, Michigan, for Appellee.

———————

## OPINION

———————

NATHANIEL R. JONES, Circuit Judge. Jerome Wood appeals the "career offender" enhancement of his sentence, which the district court imposed following Wood's guilty plea to armed bank robbery. Specifically, Wood challenges the district court's determination that his prior Alabama state conviction for robbery in the third degree qualifies as one of the two "predicate acts" required for career offender enhancement. Wood argues that his Alabama offense is not a "crime of violence" within the meaning of the career offender provision of the Sentencing Guidelines, and that the district court erred in enhancing his sentence. For the following reasons, we reject Wood's argument and **AFFIRM** the district court's judgment.

## I.

Jerome Wood, along with his cousin Jimmie Jackson, was arrested in 1998 for allegedly robbing a bank. Wood was charged with armed bank robbery in violation of 18 U.S.C. §§ 2113(a) and (d). Wood initially pleaded not guilty but later entered into a Rule 11 plea agreement. The presentence report detailed Wood's lengthy criminal record, including breaking and entering an occupied dwelling in 1978, grand theft in 1980, another grand theft in 1984 (with Jimmie Jackson), larceny over $100 in 1991 (with Jimmie Jackson), domestic violence in 1992, robbery in the third degree in 1993, possession of drug paraphernalia (crack pipe) in 1997, and another armed robbery in 1998, ten days after the instant offense (with Jimmie Jackson). The report also noted that in 1998, Wood was suspected, although ultimately not prosecuted, in a number of other bank robberies and aggravated robberies.

The probation officer who prepared the presentence report recommended a "career offender" enhancement under U.S.S.G. § 4B1.1 after determining that Wood had two prior

## III.

We conclude that Alabama's robbery in the third degree is a "crime of violence" because robbery is an enumerated offense and because the statutory definition for the offense has as an element the use, attempted use, or threatened use of physical force against the person of another. The district court thus properly determined that Wood is a "career offender" under the Sentencing Guidelines. Accordingly, we **AFFIRM** the district court's judgment.

robbery, however, the offense still clearly meets *Wilson's* second criteria. If an offense is not one of the specifically enumerated crimes of violence, a court's inquiry is then limited to an examination of the statutory elements of the defendant's prior offense. *See United States v. Arnold*, 58 F.3d 1117, 1124 (6th Cir. 1995). With this "categorical approach" to determining whether a prior offense constitutes a crime of violence, only if the statute does not clearly establish that the offense involves the "use, attempted use, or threatened use of physical force" may the court then look at the charge in the indictment to which the defendant pled guilty or was adjudged guilty to determine if the offense involved a serious potential risk of physical injury to others. *See id*. In the case of a guilty plea, the district court may also consider the plea agreement relating to the prior offense. *Id*.

According to the Alabama Criminal Code, effective January 1, 1990, a person commits robbery in the third degree if in the course of committing a theft he:

(1) uses force against the person of the owner or any person present with intent to overcome his physical resistance or physical power of resistance; or

(2) threatens the imminent use of force against the person of the owner or any person present with intent to compel acquiescence to the taking of or escaping with the property.

Ala. Code. § 13A-8-43 (1993). The statutory definition clearly indicates that Alabama's robbery in the third degree offense has as an element "the use, attempted use, or threatened use of physical force against a person." There is simply no ambiguity in the language of the Alabama statute: to be guilty of robbery in the third degree a defendant must either use force or threaten the imminent use of force against a person sometime during the commission of a theft. Wood's argument that robbery in the third degree is not a crime of violence because it could be committed without force therefore is meritless.

convictions for crimes of violence. The probation officer recommended a final offense level of 31, which reflected a three-level reduction for Wood's acceptance of responsibility. The corresponding sentencing range was 188-235 months. Wood reserved the right to challenge the applicability of the career offender guideline.

The district court ultimately adopted the probation officer's recommendation, finding that Wood had two prior convictions for crimes of violence - the 1978 breaking and entering and the 1993 robbery in the third degree.[1] The court sentenced him to the bottom of his guideline range (188 months).

## II.

This Court reviews *de novo* a lower court's determination that a defendant is a "career offender" for sentencing purposes. *See United States v. Garza*, 999 F.2d 1048, 1051 (6th Cir. 1993). A defendant qualifies as a career offender for sentencing purposes if, *inter alia*, the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance. U.S.S.G. § 4B1.1. According to Wood, the district court erroneously counted his 1993 Alabama state conviction for robbery in the third degree as a "crime of violence" for sentencing purposes. We disagree.

A "crime of violence" is defined by the Sentencing Guidelines as:

---

[1] The government states that although the breaking and entering offense occurred almost 20 years prior to the instant offense, Wood skipped bond and was not apprehended again in that jurisdiction until 12 years later. Thus, his 183-day sentence was imposed within the 10-year window for prior sentences of less than 13 months. *See* U.S.S.G. ' 4A1.2(e). Wood concedes that this conviction qualifies as a crime of violence for career offender sentencing purposes.

Wood=s 1998 armed robbery conviction in state court, however, could not qualify as one of the two career offender predicates because the conviction occurred after Wood committed the instant offense. *See* U.S.S.G. ' 4B1.2(c).

[A]ny offense under federal or state law punishable by imprisonment for a term exceeding one year that -- (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

U.S.S.G. § 4B1.2(a).     The commentary clarifies this definition:

"Crime of violence" includes murder, manslaughter, kidnapping, aggravated assault, forcible sex offenses, *robbery*, arson, extortion, extortionate extension of credit, and burglary of a dwelling.  Other offenses are included as crimes of violence if (A) that offense has as an element the use, attempted use, or threatened use of physical force against the person of another, or (B) the conduct set forth (i.e., expressly charged) in the count of which the defendant was convicted . . . by its very nature, presented a serious potential risk of physical injury to another.

U.S.S.G. § 4B1.2, comment. (n.1)(emphasis added).

This circuit has interpreted § 4B1.2 and its commentary as authorizing three ways in which a prior conviction could be considered a "crime of violence:" 1) if the conviction is for a crime that is among those specifically enumerated in the guidelines; 2) if it is for a crime that, although not specifically enumerated, has as an element of the offense the use, attempted use, or threatened use of physical force; or 3) if, although neither specifically enumerated nor involving physical force as an element of the offense, the crime involved conduct posing a serious potential risk of physical injury to another. *See United States v. Wilson*, 168 F.3d 916, 927 (6th Cir. 1999).

Wood argues that his prior conviction for robbery in the third degree does not meet any of these criteria.  He does not

address whether the offense is one of the specifically enumerated crimes of violence, but instead focuses on the statutory elements of the offense.  Wood contends that the Alabama statute proscribes conduct which does not necessarily have to involve violence, threatened or actual, "against the person of another" as required by U.S.S.G. § 4B1.2(a).  Rather, argues Wood, the robbery offense can be committed even though the force or threat of force can be directed towards the perpetrator's flight as opposed to the person of another.  Wood concludes that for this reason the Alabama statute is an improper predicate for a § 4B1.2 enhancement.

Wood misses a critical point.  Robbery is one of the enumerated crimes of violence.  *See* U.S.S.G. § 4B1.2, comment. (n. 2).   The Sentencing Guidelines do not distinguish between first, second, or third degrees of offenses.  Furthermore, the language in *Wilson* is written in the disjunctive, *see* 168 F.3d at 927; therefore, it is not necessary for Wood's prior conviction to meet all three criteria articulated in *Wilson* as a means of determining a "crime of violence."   Thus, if a prior conviction satisfies any of the three criteria it is a crime of violence for sentencing purposes. Wood's conviction appears to meet the first criteria because "robbery" is among those enumerated in the Sentencing Guidelines as a "crime of violence."

However, a state's decision to label certain criminal conduct "robbery" may not always be dispositive of whether the conduct constitutes a "crime of violence" under the Sentencing Guidelines. *Cf. Taylor v. United States*, 495 U.S. 575, 590-92 (1990) (concluding that sentencing enhancements for prior burglary convictions pursuant to 18 U.S.C. § 924(e) must depend on a uniform federal definition of "burglary" rather than on the definition of burglary adopted by the state of conviction, and also noting that there is a general presumption against interpreting federal criminal laws so as to make their application dependent on state law).  Even assuming that Alabama's robbery in the third degree somehow does not fall under the enumerated offense of