* The Honorable David A. Katz, United States District Judge for the Northern District of

UNITED STATES of America, Plaintiff–Appellee,

v.

Grover Clifton GABBARD, Defendant–Appellant.

No. 01–6557.

United States Court of Appeals, Sixth Circuit.

Oct. 31, 2002.

Before KEITH and DAUGHTREY, Circuit Judges; and KATZ, District Judge.*

*ORDER*

Grover Clifton Gabbard appeals his conviction and sentence. The parties have expressly waived oral argument pursuant to Rule 34(j)(3), Rules of the Sixth Circuit, and we agree that oral argument is not necessary. Fed. R.App. P. 34(a).

Gabbard pleaded guilty to a charge of being a felon in possession of a firearm, a violation of 18 U.S.C. § 922(g)(1). He was sentenced to 48 months of imprisonment to be followed by three years of supervised release.

Ohio, sitting by designation.

In his timely appeal, Gabbard argues that his Kentucky state conviction for reckless homicide, a violation of Ky.Rev. Stat. Ann. §§ 501.020(4), 507.050, was improperly counted as a predicate offense in determining his base offense level under USSG § 2K2.1(a)(4)(A). Because he challenges a legal conclusion of the district court, our review is de novo. *United States v. Butler*, 207 F.3d 839, 842 (6th Cir.2000). Upon review, we conclude that the district court did not err.

Pursuant to § 2K2.1, the phrase " 'crime of violence' has the meaning given that term in § 4B1.2(a) and Application Note 1 of the Commentary to § 4B1.2(a)." § 2K2.1, comment. (n.5). A prior felony conviction is a "crime of violence" if: (1) it is specifically enumerated in the guidelines; (2) it has, as an element of the offense, the use, attempted use, or threatened use of physical force; or (3) it involved physical force as an element or conduct posing a serious potential risk of physical injury to another. *United States v. Wood*, 209 F.3d 847, 850 (6th Cir.), *cert. denied*, 530 U.S. 1283, 120 S.Ct. 2761, 147 L.Ed.2d 1022 (2000); *see also* USSG § 4B1.2. Crimes of violence include murder, manslaughter, kidnapping, aggravated assault, forcible sex offenses, robbery, arson, extortion, extortionate extension of credit, and burglary of a dwelling. *See* USSG § 4B1.2, comment. (n.1). In determining whether an offense is a crime of violence and to avoid inconsistencies in federal sentencing resulting from variations in state law, we use a categorical approach, looking only to the statutory elements of the offense and disregarding the underlying facts of the particular offense. *See United States v. Arnold*, 58 F.3d 1117, 1121 (6th Cir.1995) (following *Taylor v. United States*, 495 U.S. 575, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990)). A crime of violence does not have to list a specific intent as an element and includes offenses involving "reckless" conduct with a serious risk of physical injury. *See United States v. Rutherford*, 54 F.3d 370, 376 (7th Cir.1995) (using an older version of Guidelines where § 4B1.2(a)(2) was then enumerated as § 4B1.2(1)(ii)); *United States v. Parson*, 955 F.2d 858, 866 (3d Cir.1992) (same).

Examination of the Kentucky statutory elements for reckless homicide shows that the offense falls within the category of offenses described by § 4B1.2(a)(2). *See* Ky.Rev.Stat. Ann. §§ 501.020(4), 507.050. Thus, Gabbard's reckless homicide conviction was properly used to determine his base offense level.

Accordingly, we affirm the district court's judgment.