**NOT RECOMMENDED FOR PUBLICATION**
File Name: 05a0017n.06
Filed: January 6, 2005

**No. 03-2599**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| | ) | THE WESTERN DISTRICT OF |
| ROBERT JACK COUNTERMAN, JR., | ) | MICHIGAN |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |
| | ) | |
| | ) | |

_____

Before: **Siler, Sutton, and Farris,** [*] **Circuit Judges**

**SILER**, Circuit Judge. Defendant Robert Jack Counterman, Jr. appeals his sentence for moving a stolen motor vehicle and a stolen firearm across state lines. In his brief filed by counsel and in his complaint against his counsel, he argues that the district court erred by: 1) calculating his offense level based on his possession of a semi-automatic weapon instead of a pistol; 2) upwardly departing on his criminal offense level; 3) issuing sentences consecutive to unexpired state sentences; and 4) ordering restitution without a full accounting. We AFFIRM.

**I. BACKGROUND**

_____

[*]The Honorable Jerome Farris, United States Circuit Judge for the Ninth Circuit, sitting by designation.

No. 03-2599
United States v. Counterman

In June 2003, Counterman was arrested for transporting two stolen vehicles across state lines. An inventory search of the vehicles uncovered six stolen firearms, including a Grendel .380 caliber pistol and a Norinco 7.62 x 39 mm rifle. At the time of his arrest, Counterman was wanted in Michigan for absconding parole. He pled guilty to a two-count Superceding Information in which he was charged with the interstate transportation of one stolen vehicle and the stolen Grendel pistol.

The United States Probation Office prepared a Presentence Report ("PSR"), in which it determined that Counterman should pay $ 35,200 in restitution based on a preliminary loss estimate. The PSR also recommended 168 to 210 months of imprisonment because Counterman had a criminal offense level of 30 and 22 criminal history points, placing him in level VI. Because the maximum sentence for transporting a stolen motor vehicle is only 120 months, the PSR suggested that the federal sentences run consecutive to each other and to his unexpired state sentences. It also recommended a three-point upward departure for Counterman's under-represented criminal history.

The district court added one point to Counterman's offense level for an under-represented criminal history score, but it approved a three-level downward departure for his assistance in the prosecution of his partner. As a result, Counterman's guideline range was 140 to 175 months of imprisonment because he had an offense level of 28 and a criminal history level of VI.[1] Counterman was sentenced to serve 120 months for transporting the vehicle and 48 months for transporting the firearm to be served consecutively to each other, for a total of 168 months, and to the undischarged Michigan sentences. The court also ordered $ 35,200 in restitution.

---

[1] The district court determined that Counterman had 20, not 22, criminal history points. The PSR recommended adding two points because it equated absconding parole to escape status.

No. 03-2599
United States v. Counterman

## II. DISCUSSION

### A. Offense Calculation

Because Counterman did not object to the offense calculation at sentencing, we review for plain error. *See United States v. Carr*, 170 F.3d 572, 577 (6th Cir. 1999). The district court calculated Counterman's base offense level at 26 because, although he was only charged with possession of a pistol, "the offense involved a [semi-automatic] firearm." USSG § 2K2.1(a)(1). The Norinco rifle qualifies as such a weapon. *See* 18 U.S.C. § 921(a)(30)(2003). Counterman's argument that the rifle cannot be used to calculate his offense level is without merit. The Guidelines define "the offense" as "the offense of conviction and *all relevant conduct*." USSG § 1B1.1, comment. (n.1(H)) (emphasis added). Likewise, "relevant conduct" includes "all acts . . . committed . . . by the defendant . . . that occurred during the commission of the offense of conviction." USSG § 1B1.3 (a)(1)(A). Because the rifle was in Counterman's possession at the time of his arrest, it is relevant conduct that can be used to calculate his base offense level. *See United States v. Gilbert*, 173 F.3d 974, 979 (6th Cir. 1999)("relevant conduct" necessarily includes conduct that was not the basis for the underlying conviction).

Counterman also argues that the district court impermissibly "double counted" by adding two points to his criminal offense level under USSG § 2K2.1(b)(4) because the weapons were stolen. His reliance on Application Note 12 is misplaced. The version of it in effect when he was sentenced states, "If the only offense to which § 2K2.1 applies is 18 U.S.C. § 922(i) . . . *and the base offense level is determined under subsection (a)(7)*, do not apply the adjustment in subsection (b)(4) unless the offense involved a firearm with an altered or obliterated serial number." USSG § 2K2.1,

comment. (n.12). However, his base offense level was determined under subsection (a)(1), not (a)(7), so Application Note 12 does not apply, and there is no "double counting." Therefore, the district court did not commit plain error in the determination of Counterman's offense level.[2]

## B. Upward Departure

Because Counterman only challenges the extent of the upward departure, we review for abuse of discretion. 18 U.S.C. § 3742(e)(3); *see also United States v. Anderson*, 353 F.3d 490, 507 (6th Cir. 2003). The Sentencing Guidelines specifically allow upward departures if the defendant's "criminal history category substantially under-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes." USSG § 4A1.3(a).

Counterman's criminal history points placed him well above the Category VI threshold. *See United States v. Osborne*, 948 F.2d 210, 214 (6th Cir. 1991) (24 criminal history points justifies upward departure); *United States v. Belanger*, 892 F.2d 473, 475 (6th Cir. 1989) (29 criminal history points justifies upward departure). Furthermore, he committed over thirty burglaries, which are potentially violent crimes. *See United States v. Wood*, 209 F.3d 847, 850 (6th Cir. 2000). The

---

[2]Counterman also claims that the district court erred by adding six points to his offense level after he admitted to stealing over fifty firearms during his dealings with his partner. He does concede that two points should be added to his offense level because he was arrested with six firearms. Any error, however, would be harmless because § 2K2.1(b)(4) imposes a maximum offense level of twenty-nine points prior to applying § 2K2.1(b)(5) and later adjustments. Because Counterman has a base offense level of twenty-six and an upward adjustment of two, the additional adjustment of *either* two or six points would place Counterman above the maximum level of twenty-nine.

Counterman additionally argued that all evidence of the fifty firearms should be suppressed because it was gathered using improper police tactics. We need not reach this issue because, for the reasons noted above, simply adding the two conceded points to the offense level already takes Counterman beyond the Guidelines' maximum.

district court was shocked at Counterman's record, noting that it was "without question one of the longest and most alarming criminal records of anyone this Court has ever seen." It found that Counterman was "incapable of living in a society outside a highly structured environment because of [his] proclivities and the choices [that he] made in life." For these reasons, the district court did not abuse its discretion by upwardly departing one point.

## C. Consecutive Sentences

The district court ordered that Counterman's sentences be served consecutive to each other and to unexpired terms in Michigan. Because he did not object to this issue below, we again review for plain error. Counterman claims that the district court erred when it ordered his two federal sentences to run consecutively. The statutory maximum penalty for each of Counterman's offenses is ten years, or a total of twenty years. 18 U.S.C. §§ 924(a)(2), 2312. His Guideline range was 140-175 months. Because the maximum sentence for transporting the stolen vehicle would only be 120 months, the district court did not err in running the second sentence consecutive to the first. USSG § 5G1.2(d). Although the district court's sentence was more than the minimum sentence for Counterman's Guideline range, it did not err by sentencing him within the range. *See United States v. Mayle*, 334 F.3d 552, 567 (6th Cir. 2003) (affirming consecutive sentence of 360 months of imprisonment when the guideline range was 292-365 months).

Counterman also argues that his federal sentence should not run consecutive to his undischarged sentences in Michigan. Although there is authority to issue mandatory consecutive sentences under USSG § 5G1.3(a), *see United States v. Raleigh*, 278 F.3d 563 (6th Cir. 2002) (parole absconder can be treated as if an escapee), the district court did not commit error because

it had discretionary authority to issue consecutive sentences under § 5G1.3(c). In exercising its discretion, the court must consider the factors listed in 18 U.S.C. § 3553(a), including, *inter alia*, the seriousness of the offense, protecting the public, and deterring the offender. The district court gave reasons for imposing consecutive sentences when it noted that Counterman was a career criminal, and that he would unlikely reform while in prison. Thus, Counterman cannot show plain error.

**D. Restitution**

Counterman failed to object to the amount of restitution at the trial level; therefore, we review for plain error. *United States v. Koeberlein*, 161 F.3d 946, 951 (6th Cir. 1998). His argument that the district court erred in not affording him a full accounting is without merit because the restitution order "meets the requirement of basic fairness." *Id*. at 952. Although a more precise appraisal was not available, the one stated in the PSR adequately reflected the loss suffered, and Counterman cannot show plain error.

Counterman also argues that it was improper for the district court to order restitution in the amount of the whole loss, because his co-conspirator was ordered the same. However, the district court has discretion to order restitution jointly and severally among co-conspirators, so it did not commit plain error.

**AFFIRMED**.