*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

File Name: 11a0321p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT
_____

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

          *v.*

No. 09-3867

ANTONIO B. RODRIGUEZ,
          *Defendant-Appellant.*

Appeal from the United States District Court
for the Northern District of Ohio at Cleveland.
No. 05-00434-001—David D. Dowd, Jr., District Judge.

Argued: June 8, 2011

Decided and Filed: December 21, 2011

Before: DAUGHTREY, MOORE, and STRANCH, Circuit Judges.

_____

## COUNSEL

**ARGUED:** Jeffrey B. Lazarus, FEDERAL PUBLIC DEFENDER'S OFFICE, Cleveland, Ohio, for Appellant. Daniel J. Riedl, ASSISTANT UNITED STATES ATTORNEY, Cleveland, Ohio, for Appellee. **ON BRIEF:** Jeffrey B. Lazarus, FEDERAL PUBLIC DEFENDER'S OFFICE, Cleveland, Ohio, for Appellant. Daniel J. Riedl, ASSISTANT UNITED STATES ATTORNEY, Cleveland, Ohio, for Appellee.

_____

## OPINION

_____

JANE B. STRANCH, Circuit Judge. Antonio Rodriguez appeals the district court's sentence imposed under the career offender guideline. He argues that the district court should not have counted as predicate offenses any of the Ohio felony convictions listed in the Presentence Report (PSR).

1

We conclude that Rodriguez's felony conviction in Ohio for aggravated assault qualifies as a crime of violence under the career offender guideline. We also conclude that Rodriguez may not collaterally attack in this appeal his felony conviction in Ohio for felonious assault. Because these two prior crimes of violence support the district court's finding of career offender status, we **AFFIRM** the sentence.

## I. PROCEDURAL HISTORY

A grand jury indicted Rodriguez in 2005 for aiding and abetting possession with intent to distribute 500 grams or more of a substance containing a detectable amount of cocaine, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. Rodriguez pleaded guilty to the charge pursuant to a written plea agreement with the Government. The plea agreement stated that the parties believed Rodriguez qualified for sentencing under the career offender guideline, USSG § 4B1.1 (Nov. 2004). Rodriguez reserved his right to appeal the sentence imposed.

In preparing the PSR, the probation officer applied the career-offender guideline, noting that Rodriguez's criminal history included prior felony convictions for aggravated robbery and aggravated assault in Ohio in 1995, as well as a prior felony conviction for felonious assault in Ohio in 1999.[1] With a total adjusted offense level of 34 and a criminal history category of VI, the applicable guideline range was 262 to 327 months. Rodriguez did not file any objections to the PSR.

At sentencing, the district court adopted the guideline calculation in the PSR. The Government then moved under USSG § 5K1.1 for a four-level downward departure to reward Rodriguez for his substantial assistance. The district court granted a six-level reduction, which lowered the offense level to 28 and the applicable guideline range to 140 to 175 months. The district court sentenced Rodriguez to serve 144 months of

---

[1] In assigning three criminal history points to the 1999 conviction for felonious assault, the probation officer specified that additional counts for aggravated burglary and having weapons under disability were dismissed. PSR ¶ 36.

Rodriguez argues for the first time on appeal that the 1995 conviction for aggravated robbery was also dismissed. PSR ¶ 32. He filed a motion asking this Court to take judicial notice of his state criminal records. The motion is denied. Because Rodriguez qualified for career offender status due to his prior felony convictions for aggravated assault and felonious assault, we need not consider whether he was convicted of aggravated robbery in 1995.

imprisonment and eight years of supervised release.  Rodriguez did not object to the sentence as imposed.

## II.  ANALYSIS

### A.  Standard of Review

We review *de novo* whether Rodriguez's Ohio felony conviction for aggravated assault qualifies as a "crime of violence" under the career offender guideline because the Government has not asked us to apply the plain-error standard in light of Rodriguez's failure to object below.  *See* Appellee's Br. at 12; *United States v. Williams*, 641 F.3d 758, 763–64 (6th Cir. 2011) (declining to apply plain-error standard where Government did not request its application); *United States v. Wynn*, 579 F.3d 567, 570 (6th Cir. 2009) (stating *de novo* standard ordinarily applies to determination whether an offense is a "crime of violence").

The parties agree that the plain-error standard applies to Rodriguez's second argument, also raised for the first time on appeal, that his Ohio felony conviction for felonious assault was void *ab initio* and could not support sentencing under the career offender guideline.  Rodriguez must show (1) an error; (2) the error was plain; and (3) the error affected substantial rights.  *See United States v. Richards*, 659 F.3d 527, 546 (6th Cir. 2011).  If these three conditions are met, this Court may exercise its discretion to notice a forfeited error, but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings.  *Id.* (citations and internal quotation marks omitted).

### B.  The Ohio aggravated assault conviction is a "crime of violence"

To qualify as a career offender, a defendant must be at least eighteen years of age, the instant offense must be a felony that is either a "crime of violence" or a controlled substance offense, and the defendant must have "at least two prior felony convictions of either a crime of violence or a controlled substance offense."  USSG § 4B1.1(a).  A "crime of violence" is defined as:

any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that–

(1)     has as an element the use, attempted use, or threatened use of physical force against the person of another, or

(2)     is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

USSG § 4B1.2(a).  The crime of  "aggravated assault" is one of the enumerated "crimes of violence" listed in Application Note 1 to USSG § 4B1.2.  In listing the enumerated "crimes of violence," the guideline does not distinguish between degrees of offenses. *See United States v. Wood*, 209 F.3d 847, 850 (6th Cir. 2000).  Application Note 1 further provides that a non-enumerated offense is a "crime of violence" if "(A) that offense has as an element the use, attempted use, or threatened use of physical force against the person of another, or (B) the conduct set forth (i.e. expressly charged) in the count of which the defendant was convicted involved use of explosives . . . or, by its nature, presented a serious potential risk of physical injury to another."

To determine the nature of a prior conviction, this Court applies a "categorical" approach, looking to the statutory definition of the crime of conviction and not the facts underlying that conviction.  *United States v. Ruvalcaba*, 627 F.3d 218, 221 (6th Cir. 2010).  The Court does not concern itself with how a defendant may have committed the crime on a specific occasion, but rather considers the offense generically to examine how the law defines the offense.  *Id.*

Under this Court's interpretation of § 4B1.2 and its commentary, a prior felony conviction can qualify as a "crime of violence" in one of three ways:  (1) the conviction is one of the crimes specifically enumerated in Application Note 1 to the career offender guideline; (2) if not specifically enumerated, the crime has as an element the use, attempted use, or threatened use of physical force; or (3) if the offense is not specifically enumerated or does not include physical force as an element, the crime involved conduct posing a serious potential risk of physical injury to another person.  *Id.* (citing *United States v. Wilson*, 168 F.3d 916, 927 (6th Cir. 1999)).  This Court recently indicated that

the term "aggravated assault" in the commentary to § 4B1.2 refers to "generic aggravated assault." *United States v. McFalls*, 592 F.3d 707, 716 (6th Cir. 2010). "Generic aggravated assault" is especially difficult to define because many states categorize assault in degrees rather than by use of the terms "simple" or "aggravated," and "because some states still retain the common law distinction between assault and battery." *Id.* at 716–17. Under the Model Penal Code, a defendant is guilty of aggravated assault "if he '(a) attempts to cause serious bodily injury to another, or causes such injury purposely, knowingly, or recklessly under circumstances manifesting extreme indifference to the value of human life; or (b) attempts to cause or purposely or knowingly causes bodily injury to another with a deadly weapon." *Id.* at 717 (quoting Model Penal Code § 211.1(2)).

The Ohio fourth-degree aggravated assault statute at issue in this case, Ohio Rev. Code § 2903.12, tracks the Model Penal Code formulation of aggravated assault, except that the Ohio statute does *not* permit conviction for reckless conduct under circumstances manifesting extreme indifference to the value of human life. *See* No. CR-06-219-S-BLW, 2007 WL 4125785, at *3 & App'x (D. Idaho Nov. 16, 2007) (noting Ohio is among thirty-one state jurisdictions that do not permit reckless conduct to support an aggravated assault charge, citing Ohio Rev. Code § 2903.12), *aff'd* 557 F.3d 1019 (9th Cir. 2009). The Ohio statute is distinguishable from that in *McFalls*, because there we determined that South Carolina's common-law crime of assault and battery of a high and aggravated nature did not categorically qualify as a "crime of violence" because the offense included actions taken recklessly rather than intentionally. *McFalls*, 592 F.3d at 716.

By contrast to the offense discussed in *McFalls*, the Ohio aggravated assault statute requires that the defendant act "knowingly." Ohio Rev. Code § 2903.12(a). The statute provides:

> (A) No person, while under the influence of sudden passion or in a sudden fit of rage, either of which is brought on by serious provocation occasioned by the victim that is reasonably sufficient to incite the person into using deadly force, shall knowingly:

(1)  Cause serious physical harm to another or to another's unborn;

(2)  Cause or attempt to cause physical harm to another or to another's unborn by means of a deadly weapon or dangerous ordnance, as defined in section 2923.11 of the Revised Code.

Under Ohio Revised Code § 2901.22(B),

[a] person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature.  A person has knowledge of circumstances when he is aware that such circumstances probably exist.

Acting with knowledge "corresponds loosely with the concept of general intent[,]" while acting purposefully "corresponds  loosely with the common-law concept of specific intent." *United States v. Bailey*, 444 U.S. 394, 405 (1980).  In unpublished cases, the Ohio Court of Appeals has recognized that aggravated assault requires a knowing and intentional act, *State v. Murnahan*, No. CA 1824, 1980 WL 354050, at *7 (Ohio Ct. App. 1980), and that Ohio statutory law categorizes aggravated assault as an "offense of violence." *State v. Hernandez*, No. 05AP-326, 2005 WL 3073371, at *1 (Ohio Ct. App. 2005) (citing Ohio Rev. Code § 2901.01(A)(9)(a)).  This Court is bound by the Ohio courts' interpretation of its own state law, including the elements of a crime, although whether an offense is a "crime of violence" under the career offender guideline is a question of federal law. *See Johnson v. United States*, 130 S. Ct. 1265, 1269 (2010).

Because Ohio's fourth-degree aggravated assault statute, § 2903.12, requires knowing and intentional conduct, a felony conviction under § 2903.12 qualifies as an enumerated "crime of violence" under Application Note 1 to USSG § 4B1.2 for purposes of applying the career offender guideline.  We reached the same conclusion in *United States v. Calloway*, 189 F. App'x 486, 491 (6th Cir. 2006), where we held that Ohio's aggravated assault offense is a "crime of violence" for purposes of applying the career offender guideline because it is an enumerated crime.

The *Calloway* court also commented, however:  "There is no question that causing or attempting to cause physical harm presents a serious risk of physical injury to another under section  4B1.2(a)(2)[.]" *Id.*  Section 4B1.2(a)(2) is the residual clause

of the career offender guideline, which provides that an offense is a "crime of violence" if it "otherwise involves conduct that presents a serious potential risk of physical injury to another."[2] Because the *Calloway* court determined that aggravated assault was an enumerated crime under the career offender guideline, under *Wood* the Court had no need to resort also to the residual clause to decide the case. The residual clause is pertinent only if the crime in question is not enumerated under the guideline and the crime does not have as an element the use, attempted use, or threatened use of force. *See Wood*, 209 F.3d at 850; *United States v. Smith*, 395 F. App'x 223, 234–35 (6th Cir. 2010) (following *Wood* to hold that attempted kidnaping is a "crime of violence" because kidnaping is enumerated in the commentary to the career offender guideline and the commentary further provides that an attempt to commit an enumerated crime is also a "crime of violence").

Rodriguez reminds us that, after *Calloway,* the Supreme Court issued its opinion in *Begay v. United States*, 553 U.S. 137 (2008). In that case, the Supreme Court examined whether a state conviction for driving under the influence (DUI) qualified as a "violent felony" under the residual clause of the ACCA. *Begay*, 553 U.S. at 142–48. The Court concluded that DUI is not a "violent felony" under the residual clause because the offense is too dissimilar from the ACCA's enumerated crimes of burglary, arson, extortion, and offenses involving explosives, which typically involve "purposeful, 'violent,' and 'aggressive' conduct." *Id.* at 144–45, 148. DUI, by comparison, is a strict liability crime, requiring no criminal intent and no purposeful or deliberate conduct at all.[3] *Id.* at 145.

Taking a cue from *Begay,* Rodriguez argues that a conviction under Ohio's aggravated assault statute does not constitute a "crime of violence" under the career

---

[2]This clause is identical to the residual clause of the Armed Career Criminal Act (ACCA). 18 U.S.C. § 924(e)(2)(B)(ii).

[3]The Supreme Court recently retreated from *Begay's* "purposeful, violent, and aggressive" standard, noting it had no "precise textual link to the residual clause" and was an addition to the statutory text. *Sykes v. United States*, 131 S. Ct. 2267, 2275 (2011). Where a felony "is not a strict liability, negligence, or recklessness crime" and is categorically similar in risk to the ACCA's listed offenses, the crime satisfies the ACCA residual clause and qualifies as a "violent felony." *Id.* at 2276.

offender guideline because the statute does not require purposeful, violent, and aggressive conduct. We reject this argument for several reasons.

First, while we may apply an ACCA case like *Begay* to our analysis of whether an offense is a "crime of violence" under the career offender guideline, *see United States v. McMurray*, 653 F.3d 367, 371 n.1 (6th Cir. 2011), *Begay* was decided under the residual clause, and we need not reach the residual clause to resolve this case. As we have explained, Rodriguez's conviction counts as a "crime of violence" because aggravated assault is one of the enumerated crimes of violence listed in Application Note 1 to the career offender guideline and the offense requires knowing and intentional conduct. *See Wood*, 209 F.3d at 850; *Murnahan*, 1980 WL 354050, at *7. *Cf. McFalls*, 592 F.3d at 716. Under *Wood*, our analysis is complete. We need not consider whether the crime has as an element the use, attempted use, or threatened use of force, *cf. McMurray*, 653 F.3d at 374 n.6 (questioning, but not deciding, whether physical force is an element of Tennessee's aggravated assault offense where the statute can be violated by causing serious bodily injury), or whether the crime fits within the residual clause because it "otherwise involves conduct that presents a serious potential risk of physical injury to another." *See Wood*, 209 F.3d at 850.

Second, we have already shown that a defendant cannot be convicted of aggravated assault in Ohio unless the prosecutor proves the defendant acted knowingly and intentionally. The *mens rea* required by Ohio Rev. Code § 2903.12 is equivalent to the *mens rea* of the offenses enumerated under the career offender guideline. Aggravated assault is thus unlike DUI. *Cf. Begay*, 553 U.S. at 148.

Third, Rodriguez concedes that § 2903.12 "does require violence," in light of the statute's provision that the offender "cause serious physical harm or physical harm by means of a deadly weapon." Appellant's Br. at 22. But he argues that provocation is an element of Ohio's aggravated assault crime, and the presence of this element strips the offense of the purposeful and aggressive conduct contemplated by *Begay*. We do not agree.

In Ohio, provocation is *not* an element of aggravated assault that must be proved by the prosecution. "[A]ggravated assault is the same conduct as felonious assault but its nature and penalty are mitigated by provocation." *State v. Miller*, No. 10A–632, 2011 WL 743226, at *6 (Ohio Ct. App. Mar. 3, 2011). The elements of felonious assault and aggravated assault are exactly the same. *Id.* To mitigate felonious assault to aggravated assault, the *defendant* must affirmatively prove by a preponderance of the evidence either sudden passion or sudden fit of rage brought on by the victim's serious provocation reasonably sufficient to incite the defendant into using deadly force. Ohio Rev. Code § 2901.05; *State v. Deem*, 533 N.E.2d 294, 299–300 (Ohio 1988) (concerning provocation in aggravated assault); *State v. Rhodes*, 590 N.E.2d 261, 265 (Ohio 1992) (examining same provocation language in voluntary manslaughter statute mitigating murder); *State v. Shane*, 590 N.E.2d 272, 276–79 (Ohio 1992) (same); *Rhodes v. Brigano*, 91 F.3d 803, 810–11 (6th Cir. 1996) (holding Ohio's statutory scheme requiring defendant to prove provocation does not violate due process). Under these authorities, Rodriguez's position is legally erroneous, so we will not adopt it.

For all of these reasons, we hold that Ohio's fourth-degree aggravated assault statute, Ohio Rev. Code § 2903.12, qualifies as a "crime of violence" and the district court did not err in considering Rodriguez's aggravated assault conviction as a predicate offense when applying the career offender guideline.

**C.    Rodriguez may not collaterally attack his felonious assault conviction in this appeal**

Rodriguez has not developed an argument that his 1999 Ohio felonious assault conviction does not qualify as "crime of violence." Instead, he argues that this conviction was void *ab initio* because the state trial court did not properly advise him at sentencing of his post-release control obligations. *See* Ohio Rev. Code §§ 2929.19; 2967.28. Because the conviction is void, Rodriguez reasons, the district court could not rely on it as a predicate offense to apply the career offender guideline. Rodriguez fails to meet the plain error standard to prevail on this argument.

In *Custis v. United States*, 511 U.S. 485, 497 (1994), the Supreme Court held that the ACCA does not permit a defendant to use the federal sentencing forum to gain collateral review of state convictions, except for those that were uncounseled. This Court subsequently applied *Custis* to the federal sentencing guidelines. *See United States v. Bonds*, 48 F.3d 184, 186 (6th Cir. 1995). Our Court also followed *Custis* to resolve the same issue Rodriguez raises here–that a prisoner may not utilize the federal sentencing proceeding to mount a collateral attack on his Ohio sentence as void *ab initio* due to the state trial court's failure to comply with statutory requirements for imposing post-release control. *United States v. Aguilar-Diaz*, 626 F.3d 265, 269–71 (6th Cir. 2010). These cases direct the outcome of this case. We must reject Rodriguez's improper attempt to attack collaterally his felonious assault conviction in his federal sentencing proceeding.

Rodriguez asserts that there is no longer available to him a channel to obtain state court review of his felonious assault conviction, citing *Daniels v. United States*, 532 U.S. 374, 383 (2001). But we discounted a similar argument in *Aguilar-Diaz*, noting that the defendant at one time had the opportunity to challenge the prior sentence, and that the defendant could also obtain court review if he was incorrectly placed on post-release control following release from prison. 626 F.3d at 270–71. Rodriguez's argument fails for the same reasons.

As to this issue, Rodriguez has not shown plain error warranting reversal. The district court did not err in relying on the felonious assault conviction as a predicate offense under the career offender guideline.

### III. CONCLUSION

The Ohio aggravated assault conviction constitutes a "crime of violence" for purposes of applying the career offender guideline. Rodriguez's collateral attack on his Ohio felonious assault conviction is prohibited by *Custis* and *Aguilar-Diaz*. Based on these two prior felony "crimes of violence," the district court properly sentenced Rodriguez as a career offender. Accordingly, we **AFFIRM**.