**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Kenneth Joseph MYLOR,
Defendant–Appellant.**

**No. 90–5763
Non–Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

Sept. 10, 1992.

---

Henry M. Bugay, Miami, Fla., for defendant-appellant.

Thomas A. O'Malley, Asst. U.S. Atty., West Palm Beach, Fla., for plaintiff-appellee.

Before TJOFLAT, Chief Judge, HATCHETT, and DUBINA, Circuit Judges.

PER CURIAM:

Kenneth Mylor appeals the sentence he received in the district court following a plea of guilty to count one of a three-count indictment charging him with violating 21 U.S.C. §§ 841(a)(1) and 846 (1988). Mylor contends that the district court's findings that (1) the offense involved two kilograms of cocaine and (2) Mylor played a managerial role in the offense are clearly erroneous. He also contends that the court abused its discretion when it refused to permit his attorney to argue his objections to the presentence investigation report (PSI) at the sentencing hearing.

■ We find no error in the district court's finding that the offense involved two kilograms of cocaine. On five occasions during Mylor's Fed.R.Crim.P. 11 hearing, when he pled guilty to count one, Mylor indicated that the drug transaction contemplated by the charged conspiracy involved two kilograms of cocaine. *See* Record, vol. 2, at 119 ("Somebody brought me over two kilos.... I assume two kilos...."), 120 ("I gave him one kilo and I kept the one at the unit.... He was supposed to get the money ... and I give him the other kilo."), 132 (Question: "you got ... the two kilograms in your room, right?" Answer: "Yes."), 133–34 ("I said 'I got a guy that needs a couple of keys of cocaine.'"), 134 ("the best I could do was two").

■ We do, however, find that the district court abused its discretion in precluding defense counsel from speaking, at the sentencing hearing, to the probation officer's determination (in the PSI) that Mylor should be given a two-level enhancement for his role as a manager in the offense. *See* U.S.S.G. § 3B1.1(c). At the beginning of the hearing, the court indicated that it had "reviewed" counsel's objections, and that it was "going to overrule all the objections," save one *id.*, not pertinent here. Record, vol. 3, at 3. Then, after engaging in an extended colloquy with the lawyers over the amount of cocaine involved in the offense, the court indicated again that it would hear no argument from the defense: "Mr. Bugay [Mylor's attorney] filed very detailed objections, so I don't need to hear any further argument on it." *Id.* at 13–14. "I don't need any further argument, and won't tolerate any either, Mr. Bugay." *Id.* at 14.

*United States v. Jones*, 899 F.2d 1097, 1103 (11th Cir.), *cert. denied*, —— U.S. ——, 111 S.Ct. 275, 112 L.Ed.2d 230 (1990), requires the sentencing judge to elicit the parties' objections following the pronouncement of sentence. The district court ignored *Jones'* command, according neither side the right to object. Nonetheless, defense counsel tried to bring his concerns about Mylor's role in the offense to the court's attention, but to no avail.

Mr. Bugay: Okay. The only thing that concerns me, Judge, in regard, just as a

matter of housekeeping with the Court of Appeals, *on the adjustment for role in the offense,* you have overruled me, *so I didn't argue—*.

The Court: I have ruled on that. My role is done.

(Emphasis added.)

We hold that the district court's role is not done. Fed.R.Crim.P. 32(a)(1) states:

At the sentencing hearing, the court *shall* afford the counsel for the defendant ... an opportunity to comment upon the probation officer's determination [of the sentencing classifications and sentencing guideline range believed to be applicable to the case—here, the guideline range as affected by the Section 3B1.1(c) adjustment to the base offense level] and on other matters relating to the appropriate sentence.

*Id.* (emphasis added). The court did not accord defense counsel such right in this case—especially with respect to the section 3B1.1(c) adjustment. Accordingly, we remand the case for a new sentencing hearing. The court shall conduct the hearing in conformance with Rule 32(a)(1)'s requirements and, after pronouncing sentence, comply with *Jones'* mandate.

IT IS SO ORDERED.