OPINION
SUTTON, Circuit Judge.
Leonard Overmyer pled guilty to transporting child pornography and received an 87-month prison sentence. The district court addressed all of Overmyer’s arguments for a lower sentence and reasonably imposed a bottom-of-the-guidelines sentence. We affirm.
I.
In 2008, an Internet service provider reported several transfers of suspected child pornography. Investigators traced the files to an automobile-parts manufacturer in Kentwood, Michigan. An internal investigation revealed that Overmyer, an employee of the company, had used the computer network to access hundreds of pornographic web sites, including many with names like “preteenonline.” The company fired Overmyer, but prosecutors never filed charges, apparently due to the way the company handled the investigation.
Less than one year later, authorities received a similar tip. This time they traced the activity to Overmyer’s home, where they executed a search warrant. The officers found two computers, but they did not contain any pornography and Overmyer disclaimed owning any other computers. Overmyer asked to take his SUV to the repair shop while the search continued. The request prompted the officers to examine the vehicle, which contained a hidden laptop, one with thousands of pornographic images, including at least 90 that involved children. Some of the images involved sexualized depictions of children in pain and bondage. Records on the laptop showed that Overmyer had visited child pornography web sites repeatedly during the past year.
Overmyer pled guilty to one count of transporting child pornography, an offense that comes with a statutory minimum of 60 months and a statutory maximum of 240 months. See 18 U.S.C. § 2252A(a)(l), (b)(1). The guidelines range was 87-108 months.
Overmyer moved for a downward variance, requesting a sentence near the statutory minimum on three grounds: he sought therapy on his own initiative; he expressed remorse for his actions; and he suffered from depression over the impact of the crime on his family. The court imposed an 87-month sentence, explaining that it agreed with the severity of the child-pornography sentencing guidelines— “that the guidelines themselves measure the appropriate harms” — and that it would not exercise its authority to vary downward based on a policy disagreement with them. R.39 at 14.
II.
District courts have broad discretion to impose sentences within the statutory range, see United States v. Booker, 543 U.S. 220, 233, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), requiring us to limit appellate review of such sentences to whether they are procedurally and substantively reasonable, Gall v. United States, 552 U.S. 38, 51, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007). This one is both.
Overmyer first raises a procedural-reasonableness objection — that the process *864 underlying his sentence was amiss. Because Overmyer did not raise this objection when given the opportunity to do so at the sentencing hearing, we review it for plain error. United States v. Vonner, 516 F.3d 382, 385 (6th Cir.2008) (en banc). In this instance, there was no error, plain or otherwise. The parties do not dispute the applicable guidelines range, and the district court adequately addressed each of Overmyer’s arguments for a variance. The judge “recognize[d] that ... [Overmyer’s] nuclear family has been shattered. ... [and took] into account the fact that [Overmyer] now ... understands the victimization of young children who are depicted in these images.” R.39 at 13. He also “fully underst[oo]d” that “Mr. Overmyer has lost his livelihood and his nuclear family,” but said that in his “judgment that merits a sentence at the lowest end of the advisory guideline range,” R.39 at 16, not a sentence below the range. The court addressed each of Overmyer’s arguments for a below-guidelines sentence, leaving nothing procedurally awry about the sentence.
Overmyer next raises a substantive-reasonableness objection — that his sentence is too long. A within-guidelines sentences is presumptively reasonable, Vonner, 516 F.3d at 389, and Overmyer points to nothing to displace the presumption. He claims that a shorter sentence is in order because he sought counseling on his own after the arrest and because he was unusually despondent over the collateral effects of his conduct. Although these considerations might support a lower sentence, they do not compel one, and that is all we have license to consider. The same is true about the collateral consequences— familial and professional — of Overmyer’s actions. They provide a basis for lowering a sentence to the bottom of the guidelines (as the court did), and in some settings they would provide a basis for granting a downward variance (as the court did not do), but none of them required the court to vary the sentence below the guidelines range.
Our colleague does not dispute any of this. He instead submits that, “as an appellate judge,” he is “permitted to disagree respectfully with the sentencing judge about the fairness of the guidelines policy and its application to this case.” Infra at 867. In this instance, because the guidelines call for a sentence that is “unconscionably harsh,” id. at 867, he would authorize a sentence no longer than the statutory minimum, making a 60-month sentence the floor and ceiling of a “reasonable” sentence. Id. at 867 (“I would limit the sentence in such cases to the mandatory minimum of 5 years.”).
We respectfully disagree. Overmyer has not sought what our colleague proposes — a five-year sentence. He claims that his 87-month sentence is too long and that we should remand his case for re-sentencing, not that we should require the district court to impose a five-year sentence in this case and in similar child-pornography cases.
This proposal also overlooks a key change in federal sentencing law. In the aftermath of United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), Rita v. United States, 551 U.S. 338, 127 S.Ct. 2456, 168 L.Ed.2d 203 (2007), and Kimbrough v. United States, 552 U.S. 85, 128 S.Ct. 558, 169 L.Ed.2d 481 (2007), it is trial judges, not appellate judges, who have considerable discretion in applying the § 3553(a) factors to an individual. Whether in a given case a district court agrees with the guidelines recommendation, varies downward from the guidelines range or varies upward from the range, we defer to their sentencing decisions unless those decisions are unreasonable. It fol *865 lows that, while our colleague is correct that appellate judges may disagree with the sentencing judge about the appropriateness of a given sentence in a given case, mere disagreement is not by itself sufficient to warrant reversal. Something more — a disagreement that establishes the unreasonableness of the sentence — must be present.
In cases where the district court and the sentencing commission independently agree about an appropriate sentencing range, as happened here, it will be difficult to establish that the sentence is unreasonable. As Kimbrough explained, sentencing courts and the sentencing commission possess “discrete institutional strengths.” 552 U.S. at 109, 128 S.Ct. 558. When they disagree, we examine their respective strengths (and whether those strengths were truly at work) to decide whether the district court reached a reasonable outcome. See id. at 109-10, 128 S.Ct. 558. But when they agree, our role is more limited. If both the retailer and the wholesaler arrive at the same number, Rita, 551 U.S. at 348, 127 S.Ct. 2456, there is a better chance that the price is right. See United States v. Buchanan, 449 F.3d 731, 736-37 (6th Cir.2006) (Sutton, J., concurring). For this reason, our circuit has adopted a rebuttable, but only a rebuttable, presumption that within-guidelines sentences are reasonable. Vonner, 516 F.3d at 389.
Neither Overmyer nor our colleague has rebutted that presumption. Overmyer received and possessed at least 90 images (89 more than necessary for the imposition of the five-year minimum), including images that are more sadistic than the “ordinary” child pornography sufficient to trigger the mandatory minimum. He persisted in his criminal conduct even after it cost him his job, and he lied to investigators when they came looking for evidence of the crimes. Nor does anything in the record show that Overmyer is fully rehabilitated; it shows only that he sought treatment and made commendable progress in addressing his addiction. Whatever we might have done in sentencing Overmyer, it is difficult to say that the district court acted unreasonably in sentencing him to more than the statutory minimum.
United States v. Grober, 624 F.3d 592 (3d Cir.2010), does not lead to a different conclusion. Even aside from the geographic limitation that Grober hails from another circuit, there are at least two critical distinctions between the cases. For one, the Grober district court disagreed with the guidelines recommendation — a 235-240 month range for pleading guilty to six child-pornography crimes — and exercised its discretion to impose a lower sentence. Id. at 596. To affirm a district court’s downward variance from the guidelines recommendation is distinct from reversing a within-guidelines sentence, as Grober itself acknowledged. See id. at 609 (“[I]f a district court does not in fact have a policy disagreement with [the child pornography guideline], it is not obligated to vary on this basis.”). For another, Grober did not involve a substantive reasonableness challenge; the government challenged only the procedural reasonableness of the sentence. (The Third Circuit, for what it is worth, held that several of the district court’s sentencing processes were unreasonable, just not prejudicially so. Id. at 609-10.)
In contrast to Grober, Overmyer asks us to hold that this within-guidelines sentence is too long based on a substantive disagreement with it, an argument that carries a burden he simply has not met. And in contrast to Grober, our colleague asks us to hold that a five-year sentence necessarily balances the § 3553(a) factors in a *866 reasonable way in this case and in similar ones, a contention that neither Grober nor any appellate precedent supports.
III.
For these reasons, we affirm.