NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a1030n.06

**No. 11-5976**

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | **FILED**<br>***Sep 26, 2012***<br>DEBORAH S. HUNT, Clerk |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR THE |
| | ) | WESTERN DISTRICT OF TENNESSEE |
| JOSEPH THOMAS, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

Before:  COOK and STRANCH, Circuit Judges; LAWSON, District Judge.[*]

COOK, Circuit Judge.  Joseph Thomas pleaded guilty to one count of possession with intent to distribute 28 grams or more of cocaine base in violation of 21 U.S.C. § 841(a)(1) and received a 97-month prison sentence.  Thomas challenges his sentence as unreasonable, and we affirm.

I.

Both before and during sentencing, Thomas advanced a substantive, policy-based reason why the court should impose a lower sentence: that the Federal Sentencing Guidelines disproportionately punish those convicted of crimes involving crack cocaine.  For instance, the Guidelines subject the possessor of 28 grams of crack cocaine to the same sentence as one who possesses 500 grams of

_____

[*]The Honorable David M. Lawson, United States District Judge for the Eastern District of Michigan, sitting by designation.

cocaine powder—an 18-to-1 ratio that Thomas believes unfairly punishes crack-cocaine offenders. *See* U.S. Sentencing Guidelines Manual § 2D1.1(c) (2011). The Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372, established the current ratio, lowering it from a harsher 100-to-1 ratio in response to criticism from courts and commentators. *See United States v. Shull*, 793 F. Supp. 2d 1048, 1050-57 (S.D. Ohio 2011) (recounting the history of the Fair Sentencing Act).

Invoking cases criticizing the fairness of the Guidelines' harsher punishment for offenses involving crack cocaine, Thomas urged the district court to adopt a 1-to-1 ratio. The court considered Thomas's arguments, but resolved to apply the Guidelines' 18-to-1 ratio. It then calculated a total offense level of 29 and a criminal history category of II, yielding a Guidelines range of 97 to 121 months. After considering Thomas's remaining arguments for leniency, the court imposed a sentence at the bottom of the Guidelines range: 97 months' imprisonment. Thomas's arguments on appeal challenge the district court's refusal to vary from the guidelines.

District courts enjoy "broad discretion" to fashion a sentence within the Guidelines range. *See United States v. Overmyer*, 663 F.3d 862, 863 (6th Cir. 2011) (citing *United States v. Booker*, 543 U.S. 220, 233 (2005)). The government notes that Thomas never argued to the district court when asked the *Bostic* question the procedural error he now raises to this court—that his "sentence was unreasonable because the district court . . . failed to recognize its authority to vary from the Guidelines." The government therefore urges us to review Thomas's sentence for plain error. *See United States v. Simmons*, 587 F.3d 348, 363 (6th Cir. 2009) (applying plain-error review after

finding that the general procedural objection lodged by defense counsel at the close of the sentencing hearing was insufficient to permit the district court to correct its perceived error or to provide a detailed record for the appeals court to review). Because we find Thomas's claims unavailing even under the more lenient abuse-of-discretion standard, we need not resolve the issue. Accordingly, we review the court's exercise of its discretion for abuse and ask whether the sentence is procedurally and substantively reasonable. *Overmyer*, 663 F.3d at 863 (citing *Gall v. United States*, 552 U.S. 38, 51 (2007)).

Thomas attacks the procedural reasonableness of his sentence, arguing that the district court treated the Guidelines' drug-quantity ratio as mandatory. He relies on two cases: *Kimbrough v. United States*, 552 U.S. 85 (2007), and *Shull*, 793 F. Supp. 2d at 1064. *Kimbrough* rejects the contention that the Guidelines' drug-quantity ratios are mandatory and holds that courts "may consider the disparity between the Guidelines' treatment of crack and powder cocaine offenses" in fashioning a sentence. 552 U.S. at 91. *Shull* accepts this license to depart from the Guidelines' ratio and employs a 1-to-1 ratio. 793 F. Supp. 2d at 1064.

According to Thomas, the district court ignored *Kimbrough* and the reasoning from *Shull* in treating the 18-to-1 ratio as mandatory. He seizes on several statements that the court made in the course of rejecting his policy-based argument for a lower sentence. We do not read these statements as expressing a view that the Guidelines bound the court to sentence Thomas based on the 18-to-1

ratio; rather, the transcript exhibits only the judge's tendency to hew closely to a within-Guidelines sentence.

Reading the full transcript of the sentencing hearing confirms the conclusion that the court recognized its authority to consider a different ratio in determining whether a within-Guidelines sentence was "greater than necessary," *see* 18 U.S.C. § 3553(a). At the outset, the court explained that the Guidelines are "advisory" and that it could "move above or below the Guideline range." When Thomas's counsel asked the district court to confirm that he would "not reject the eighteen to one policy," the court replied,

> I'm not going to reject [the 18-to-1 ratio], I just don't think I should. But every case is considered under 18 U.S.C., Section 3553(a), and in that context, everything can be discussed.

The district court thus recognized its authority to vary from the Guidelines on policy grounds. Nevertheless, it found the within-Guidelines range reasonable and refused to do so:

> [W]e have to look at the societal objectives of the Congress, which is to make society safe, and it is not going to be safe if judges always see the exception and never see the rule. The rule is that this [offense] is going to get a significant sentence. The exception is there are very few situations that fit into a really significant exception, and this really is not one of them. . . . I think that the sentence based on what I have heard today, and hearing from you is that it is adequate to meet the objectives under 18 U.S.C., Section 3553(a) if we have the minimum guideline sentence as opposed to the maximum sentence or something significantly above that. It made a difference, but we have to have a sentence of that nature to achieve the objectives under the statute, because our goal is not to just deal with your problems, which are important, but to deal with society's problem. And you and I both know that

society's problem is a real big one, and so that's why we end up with a sentence like this.

Next, the court noted that it was "required to consider" the Guidelines, and concluded that they provided a valuable metric for assessing the seriousness of Thomas's crime and avoiding sentencing disparities:

> We're required to consider the guidelines for a couple of reasons. They provide the principles under which we determine what may be an appropriate sentence. In this case, the guideline range again is eight years and one month to ten years and one month. It tells us a lot of things. It tells us it is not the most serious offense because we can go up to 40 years in this category. It also tells you it is a very substantial crime. We want to avoid unwarranted sentencing disparity. We don't want you to get a sentence that is very different from somebody in El Paso, Texas or in New York City, or in Portland, Oregon, everybody ought to get about the same sentence for this conduct. So it's very important to look at that.

Following an extended discussion of the § 3553(a) factors, the court sentenced Thomas to 97 months' imprisonment, the minimum under Thomas's Guidelines range. After pronouncing the sentence, the court concluded that "[97 months is] the minimum under the Guideline range, the court understanding that the court could be above that range or below that range." The sentencing transcript confirms that the court appreciated its discretion to vary.

Under *Simmons*, "when a district court observes that the Guidelines are advisory and provides no indication that policy disagreements are not a proper basis to vary, then a sentence within the Guidelines range remains presumptively reasonable on appeal." *Simmons*, 587 F.3d at 364. The defendant points to *United States v. Johnson*, 407 F. App'x 8 (6th Cir. 2010), in which we stated that

5

district judges "are not free to cede their discretion by concluding that their courtrooms are the wrong forum for setting a crack-to-powder ratio." *Id*. at 11. We vacated the sentence in that case because we concluded that the district court "fail[ed] to recognize the extent of its discretion." *Id.* This case is different. Although some of the district judge's statements at sentencing suggest that he believed that it was Congress's role to address the crack/powder disparity problem, others confirm that the district judge recognized his authority to vary downward based on a disagreement with the policy and simply declined to exercise that authority.

We presume a sentence within the Guidelines range to be reasonable. *See United States v. Vonner*, 516 F.3d 382, 389-90 (6th Cir. 2008) (en banc). Thomas points to nothing that disturbs that presumption. Accordingly, we reject his challenge to the reasonableness of his sentence.

II.

For these reasons, we AFFIRM.