NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 14a0419n.06

Case No. 13-6063

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
***Jun 10, 2014***
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE EASTERN DISTRICT OF |
| CHRISTOPHER CHARLES JOSEPH | ) | KENTUCKY |
| FORRISTEL, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |

BEFORE: SUTTON and COOK, Circuit Judges; MARBLEY, District Judge[*]

PER CURIAM. Christopher Forristel appeals his 151-month, within-guidelines sentence

for transporting child pornography. *See* 18 U.S.C. § 2252(a)(1). We affirm.

Forristel pleaded guilty to the transportation charge, admitting that he downloaded

22 videos of child pornography on his laptop in his California residence and then moved—with

his computer—to Kentucky.

At sentencing, the district court calculated a sentencing guidelines range of 151 to 188

months' imprisonment, reflecting a base offense level of 22 for transportation convictions.

*See* U.S.S.G. § 2G2.2(a)(2). Forristel offered no challenge to this calculation, arguing that the

---

[*]The Honorable Algenon L. Marbley, United States District Judge for the Southern
District of Ohio, sitting by designation.

18 U.S.C. § 3553(a) factors justified a sentence of 108 months, the bottom of the guidelines range for defendants convicted of *possessing* child pornography. *See* U.S.S.G. 2G2.2(a)(1). According to Forristel, though he technically transported child pornography, his conduct was "no worse than" possession because he never transported it for distribution purposes.

On appeal, Forristel argues that the district court imposed a substantively unreasonable sentence in rejecting his request for a below-guidelines sentence. A presumption of reasonableness, however, applies to Forristel's within-guidelines sentence, *see United States v. Overmyer*, 663 F.3d 862, 864 (6th Cir. 2011), and he fails to rebut that presumption. As the district court reasonably concluded, this is "not a case of just simple possession" because Forristel "transported [his] computer [containing child pornography] actively and willingly from one state to another." (R. 51, Sentencing R. at 50−51.) Moreover, the "fact that the district court did not give the defendant the exact sentence he sought is not a cognizable basis to appeal." *United States v. Jackson*, 466 F.3d 537, 540 (6th Cir. 2006).

We AFFIRM.