**UNITED STATES of America, Plaintiff–Appellee,**

**v.**

**Abraham MORRIS, aka Abraham Price, Defendant–Appellant.**

**No. 14–4040.**

United States Court of Appeals, Sixth Circuit.

Feb. 4, 2016.

BEFORE: BOGGS, WHITE, and DONALD, Circuit Judges.

HELENE N. WHITE, Circuit Judge.

After Abraham Morris pled guilty to one count of possession with intent to distribute twenty-eight grams or more of cocaine base, the district court sentenced him as a career offender to 190 months' imprisonment. Morris appeals, asserting that his sentence is procedurally unreasonable because the district court did not affirmatively solicit argument regarding Morris's objections to his Pre–Sentence Report ("PSR"), and that the district court erred in finding him a career offender. We **AFFIRM.**

**I.**

Morris was charged with possession with intent to distribute 28 grams or more of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B) and pled guilty to the charged offense. The United States Probation Office prepared Morris's PSR and determined that Morris's base offense level under the applicable drug-quantity table was twenty-six, with a two-level enhancement for possession of a firearm. The Probation Office also determined that Morris qualified as a career offender based on his prior convictions of conspiracy to possess with intent to distribute cocaine base and aggravated assault. As a career offender with a three-level reduction for acceptance of responsibility, Morris's total offense level was thirty-one. His career-offender designation and fifteen criminal-history points both resulted in a criminal-

history category of VI, yielding an advisory Guidelines range of 188–235 months.

When the PSR was provided to the district court, it noted that there were no unresolved objections. Nonetheless, the day before sentencing, Morris filed a sentencing memorandum that summarily disputed both his classification as a career offender and the firearm enhancement. The entirety of his argument regarding the career-offender designation was as follows:

> Counsel also disagrees that the [sic] Mr. Morris is a career offender and therefore his offense level should not be at 34 with the reductions for Acceptance of Responsibility and Timely notification.

(R. 122: Sentencing Mem., PID 320.) Additionally, although he agreed that his criminal-history category was calculated correctly at VI, Morris argued in his memorandum for a downward departure on the basis that category VI overstated his criminal history.

At sentencing, the district court began by asking Morris whether he understood everything in the PSR. Morris said that he did not understand the career-offender designation, and the district court responded it would address that issue shortly. After defense counsel confirmed that the factual statements contained in the PSR as to the conviction offense were accurate, the district court adopted those statements as its findings of fact. The district court then addressed Morris's objections to the PSR despite the court's view that those objections "should have been raised during the preparation of the report." (R. 144: Sentencing Hr'g Tr., PID 406.) Without requesting argument from the parties, the district court overruled Morris's objections, explaining that Morris was appropriately designated as a career offender due to his prior federal conviction of possession with intent to distribute cocaine base and

Ohio conviction of aggravated assault. Having determined that Morris was a career offender, the district court found Morris's objection to the firearm enhancement moot because it would not change his advisory Guidelines range. The district court also rejected Morris's argument that his criminal-history category was overstated, noting the serious nature of his prior offenses, including numerous domestic-violence offenses.

The district court then invited defense counsel to speak in mitigation. Counsel argued for an 84–month sentence based on the relatively small amount of drugs involved, Morris's co-defendant's sentence of 84 months' imprisonment, and the fact that several of Morris's prior convictions occurred in the distant past. After considering defense counsel's arguments and the 18 U.S.C. § 3553(a) factors, the district court sentenced Morris to 190 months in prison. At the end of the hearing, the district court asked if either party had objections not previously raised, and both responded "no." Morris timely appealed.

## II.

### A.

 Morris first argues that his sentence is procedurally unreasonable because the district court violated Federal Rule of Criminal Procedure 32(i)(1)(C) by not allowing defense counsel to comment on the PSR prior to overruling Morris's objections. That Rule provides that "[a]t sentencing, the court … must allow the parties' attorneys to comment on the probation officer's determinations and other matters relating to an appropriate sentence." Fed.R.Crim.P. 32(i)(1)(C). Morris concedes that because he did not object to this purported procedural error at sentencing, we must limit our review to plain error. *See United States v. Lumbard*, 706

F.3d 716, 721 (6th Cir.2013). Thus, Morris must show a clear or obvious error that affected his substantial rights and "seriously affected the fairness, integrity or public reputation of judicial proceedings." *United States v. Massey,* 663 F.3d 852, 856 (6th Cir.2011) (citing *United States v. Marcus,* 560 U.S. 258, 262, 130 S.Ct. 2159, 176 L.Ed.2d 1012 (2010)).

In *United States v. Tolbert,* the defendant argued that the district court violated Rule 32 by failing to follow a court tradition of soliciting argument prior to overruling the defendant's objection to his classification as a gang member. 459 Fed.Appx. 541, 546 (6th Cir.2012). After noting that the defendant cited no authority for his position, the court observed that, in fact, the defendant "did have an opportunity 'to comment on the probation officer's determinations,'" including during the period designated for comments from the parties before the sentence was determined, and concluded that "[t]he fact that he failed to recognize or utilize these opportunities does not mean that the district court violated Rule 32(i)(1)(C)." *Id.* (quoting Fed. R.Crim.P. 32(i)(1)(C)).

Similarly, here, defense counsel had the opportunity to comment on the probation officer's determinations during the period allowed for argument regarding the appropriate sentence. *Cf. United States v. Mylor,* 971 F.2d 706, 707 (11th Cir.1992) (per curiam) (finding a violation of Rule 32 where the district court affirmatively precluded defense counsel from arguing in support of his objection to a sentencing enhancement). Further, because of the conclusory nature of defense counsel's written objection to the career-offender designation and his decision not to offer anything further in support of his objection even when he was offered the opportunity for argument, it is not clear whether counsel even had anything further to add on the subject.[1] Accordingly, although *Tolbert* is unpublished and therefore not binding, in the absence of contrary authority and under the facts of this case, we conclude the district court did not commit a plain or obvious error by not affirmatively soliciting argument prior to overruling Morris's objections.[2]

Moreover, as we explain below, the district court properly concluded that Morris was a career offender, and thus neither the firearm enhancement nor his criminal-history points affected the calculation of his advisory Guidelines range. *See* USSG § 4B1.1(b). Therefore, Morris cannot show that the district court's failure to affirmatively request argument from defense counsel before addressing the objections prejudiced his substantial rights.

**B.**

Morris argues that he does not qualify as a career offender under USSG § 4B1.1 because his aggravated-assault conviction does not constitute a "crime of violence," and because the record was insufficient for the district court to determine the elements of the offense. We generally review de novo a district court's determination that a defendant is a career offender, *United States v. Ozier,* 796 F.3d 597, 599 (6th Cir.2015) (citing *United States v. Bak-*

---

1. At sentencing, defense counsel did argue for a lower sentence on the basis that several of Morris's convictions occurred in the distant past, and the district court considered that additional argument in ultimately fashioning a sentence.

2. To be clear, the best practice in these circumstances is for the district court to ask whether counsel wishes to offer argument before overruling objections to the PSR. We simply hold that the district court did not commit plain error under the circumstances here.

er, 559 F.3d 443, 450 (6th Cir.2009)), but the government argues that plain-error review should apply here because of the non-specific nature of Morris's one-sentence objection in his sentencing memorandum. However, both the government and district court construed Morris's objection as a challenge to whether his prior convictions qualified him as a career offender and addressed that argument in response. Accordingly, notwithstanding the conclusory nature of Morris's objection, we review this claim de novo. *See United States v. Prater,* 766 F.3d 501, 506–07 (6th Cir.2014) (finding that a sparsely-worded objection to a designation as an armed career criminal preserved the defendant's argument on appeal that his prior offenses did not constitute "violent felonies" under the Armed Career Criminal Act because the district court understood the basis for the objection and addressed it). However, Morris's separate argument that the record was insufficient for the district court to make that decision was not raised or addressed below and will be reviewed for plain error.

### 1.

◼ Morris argues that the second predicate offense upon which the district court relied—aggravated assault in violation of Ohio Revised Code § 2903.12—is not a "crime of violence" under the Guidelines.

A "crime of violence" is defined as:

any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that—

(1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or

(2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that

presents a serious potential risk of physical injury to another.

USSG § 4B1.2(a).

We apply a "categorical approach" to determine the nature of a prior conviction, examining the statutory definition of the crime of conviction rather than the facts underlying that conviction. *United States v. Rodriguez,* 664 F.3d 1032, 1036 (6th Cir.2011) (citing *United States v. Ruvalcaba,* 627 F.3d 218, 221 (6th Cir.2010)). Here, Morris was convicted of aggravated assault, a fourth-degree felony in Ohio. Ohio's aggravated-assault statute provides in pertinent part that "[n]o person ... shall knowingly ... [c]ause serious physical harm to another" or "[c]ause or attempt to cause physical harm ... by means of a deadly weapon or dangerous ordnance." Ohio Rev.Code § 2903.12(A).

In a prior published opinion, this court concluded that a conviction under Ohio's aggravated-assault statute qualifies as a "crime of violence" when applying the career-offender enhancement because it "is one of the enumerated crimes of violence listed in Application Note 1 to the career offender guideline and the offense requires knowing and intentional conduct." *Rodriguez,* 664 F.3d at 1038. Morris does not mention *Rodriguez* in his briefing on appeal and provides us no basis to depart from that holding. *See ABC Beverage Corp. v. United States,* 756 F.3d 438, 441 (6th Cir.2014) ("A published prior panel decision 'remains controlling authority unless an inconsistent decision of the United States Supreme Court requires modification of the decision or this Court sitting en banc overrules the prior decision.'" (quoting *Salmi v. Sec'y of Health & Human Servs.,* 774 F.2d 685, 689 (6th Cir.1985))). Accordingly, Morris's conviction under Ohio's aggravated-assault statute qualifies as a "crime of violence" pursuant to USSG

§ 4B1.1(a), and Morris was correctly classified as a career offender.[3]

### 2.

■ Finally, Morris argues that the district court erred because "the record contains no recitation of the elements of the assault statute Mr. Morris was convicted under, and the PSR—the district court's only source of information—contained only the name of the crime and the underlying facts." Appellant Br. 13. Morris does not dispute that there was sufficient proof of the conviction—indeed, defense counsel acknowledged that Morris was convicted of aggravated assault in his sentencing memorandum. *See United States v. Hockenberry*, 730 F.3d 645, 666 (6th Cir. 2013) ("[A] district court may rely on unchallenged PSR findings to establish the *existence* of prior convictions."). Rather, Morris argues that there was insufficient information to determine what the elements of the offense were in order to make the appropriate career-offender determination. But the elements of the offense, of course, are contained in Ohio's aggravated-assault statute. *See* Ohio Rev. Code § 2903.12. The PSR contained the name of the offense, the date of arrest, the date of the sentence, the court, the case number, and the underlying facts, all of which were sufficient for the district court to determine the offense of which Morris was convicted and the elements of that offense. *Cf. United States v. Alexander*, 543 F.3d 819, 823–24 (6th Cir.2008) (finding ambiguous the PSR's description of the statutory basis for conviction but relying on publicly available records and the defendant's failure to question the accuracy of those records to establish the statutory basis for conviction). Thus, this argument fails as well.

3. Morris's prior drug conviction clearly qualifies as a prior controlled-substance offense,

### III.

For these reasons, we **AFFIRM.**

and he does not challenge any other requirement for being classified a career offender.