NOT RECOMMENDED FOR PUBLICATION
File Name: 17a0564n.06

No. 16-6369

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| RYAN PATRICK COOPER, | ) | COURT FOR THE EASTERN |
| | ) | DISTRICT OF KENTUCKY |
| Defendant-Appellant. | ) | |
| | ) | |
| | ) | |

**FILED**
Oct 06, 2017
DEBORAH S. HUNT, Clerk

**BEFORE:** BOGGS, BATCHELDER, and KETHLEDGE, Circuit Judges.

**ALICE M. BATCHELDER, Circuit Judge**. Defendant-Appellant Ryan Cooper took at least two pornographic pictures of his naked five-month-old daughter, one in which he used his right hand to display her vagina. He then emailed the pictures to an individual who contacted him on xHamster.com, an adult pornography website. At trial, Cooper denied engaging in this conduct. But a jury found him guilty of sexual exploitation of a minor and distribution of visual depictions of a minor. The district court sentenced him to thirty years' imprisonment. Cooper argues that his sentence is substantively unreasonable. We disagree and affirm the district court's judgment.

"Sentencing challenges are reviewed for abuse of discretion." *United States v. Coppenger*, 775 F.3d 799, 802 (6th Cir. 2015) (citations omitted). "An abuse of discretion occurs when the reviewing court is left with the definite and firm conviction that the sentencing court committed a clear error of judgment." *Id.* at 802–03 (citing *United States v. Batti*, 631 F.3d

371, 379 (6th Cir. 2011)). "A court will be deemed to have abused its discretion and imposed a substantively unreasonable sentence if it imposed a sentence arbitrarily, based on impermissible factors, or unreasonably weighed a pertinent factor." *Id.* at 803 (citing *United States v. Adkins*, 729 F.3d 559, 563 (6th Cir. 2013)). A properly calculated, within-Guidelines sentence is presumed to be substantively reasonable. *Rita v. United States*, 551 U.S. 338, 347 (2007); *United States v. Vonner*, 516 F.3d 382, 389–90 (6th Cir. 2008). This presumption "naturally extends to sentences below the Guidelines range." *United States v. Pirosko*, 787 F.3d 358, 374 (6th Cir. 2015).

Cooper does not dispute that the district court properly calculated his Guidelines range as fifty years' imprisonment. Cooper's thirty-year sentence is therefore presumptively reasonable. He seeks to rebut that presumption by arguing that the district court unreasonably weighed several pertinent factors. Specifically, he asserts that the district court overemphasized the need to protect the victim (Cooper's youngest daughter) while giving little weight to Cooper's substance-abuse problem, his life expectancy after prison, and average rates of recidivism for sex offenders upon release.

The district court did not unreasonably weigh the need to protect the victim in this case, particularly when there is the potential for continuing harm due to distribution of the pictures and Cooper's claim that he victimized his own child unknowingly in a drug-and-alcohol-induced blackout. Moreover, as the district court explained, the victim's protection requires special consideration for the purpose of general deterrence: "The victims in these cases are, for the most part, defenseless, can't protect themselves. They have to rely upon family members to do that. And in this case the family member that was responsible failed. He was the perpetrator, not the protector."

Nor did the district court understate Cooper's substance-abuse problem. The district court ordered that Cooper receive substantial treatment and counseling to address the issue and granted a significant downward variance. However, as the district court noted, Cooper attempted to hide his criminal conduct behind addiction. This was clear at trial. The government presented to the jury recorded interviews of Cooper's admitting to taking the photographs of his daughter: "I understand your-all's evidence, and I'm not disputing that in any way, form, or fashion. . . . Did I blackout and do something stupid that I shouldn't have, it's quite possible. Apparently I did." In his trial testimony, Cooper denied engaging in the criminal conduct and stated that, due to his drinking and drug use, he did not remember the interviews. Finally, the district court did not overlook Cooper's life expectancy and chance of recidivism upon release. Cooper did not present these points at sentencing and raised no objection that would prompt the court to consider these issues. *See United States v. White*, 617 F. App'x 545, 549–50 (6th Cir. 2015).

The district court did not unreasonably weigh any pertinent factor, and Cooper has failed to rebut the presumption of reasonableness accorded to his below-Guidelines sentence. Cooper's argument ultimately boils down to an assertion that the district court should have balanced the § 3553(a) factors differently. It is not our place to rebalance the § 3553(a) factors and to determine whether we would impose the same sentence. *See United States v. Sexton*, 512 F.3d 326, 332 (6th Cir. 2008). Even if certain "considerations might support a lower sentence, they do not compel one, and that is all we have license to consider." *United States v. Overmyer*, 663 F.3d 862, 864 (6th Cir. 2011). Therefore, the district court did not abuse its discretion by sentencing Cooper to thirty years' imprisonment and we AFFIRM.