**NOT RECOMMENDED FOR PUBLICATION**
File Name: 20a0412n.06

Case No. 19-5786

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

<table>
<tr><td>UNITED STATES OF AMERICA,</td><td>)</td><td></td></tr>
<tr><td style="padding-left:2em">Plaintiff-Appellee,</td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td>v.</td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td>ON APPEAL FROM THE UNITED</td></tr>
<tr><td></td><td>)</td><td>STATES DISTRICT COURT FOR</td></tr>
<tr><td>MILTON LEWIS SMITH,</td><td>)</td><td>THE EASTERN DISTRICT OF</td></tr>
<tr><td></td><td>)</td><td>KENTUCKY</td></tr>
<tr><td style="padding-left:2em">Defendant-Appellant.</td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td></td></tr>
</table>

**FILED**
Jul 17, 2020
DEBORAH S. HUNT, Clerk

BEFORE: BOGGS, SUTTON, and WHITE, Circuit Judges.

SUTTON, Circuit Judge. Milton Smith pleaded guilty to several federal drug charges. At sentencing, the district court classified him as a career offender because he had two Ohio convictions for trafficking heroin. Smith claims that the court erred because the convictions fall outside the guidelines' definition of a "controlled substance offense." We disagree and affirm.

In August 2018, police officers arrested Milton Smith after he sold a confidential informant multiple grams of fentanyl. Smith pleaded guilty to three counts of drug dealing. *See* 21 U.S.C. § 841(a). At sentencing, the district court classified Smith as a "career offender," based in part on two Ohio convictions—namely that, in 2008 and 2014, Ohio convicted Smith for distributing heroin. Taken together, the career-offender classification, a credit for accepting responsibility, and Smith's lengthy criminal history (35 prior convictions) yielded a guidelines range of 188 to 235 months imprisonment. The court imposed a 192-month sentence.

On appeal, Smith challenges the district court's career-offender classification. According to Smith, he is not a career offender because his prior Ohio drug trafficking convictions do not count as "controlled substance offenses" within the meaning of the guidelines. U.S.S.G. § 4B1.2(b).

Unhappily for Smith, our court recently resolved the point, holding that Ohio convictions for violating § 2952.03(A)(2) count as "controlled substance offense[s]." *United States v. Dennis A. Smith*, 960 F.3d 883, 887–89 (6th Cir. 2020). Smith offers no reason to see his case differently, and, as misfortune would have it, he filed his appeal before our court decided *Smith*—with respect to a different Smith by the way.

Nor can Smith prevail on the ground that the government did not sufficiently prove that the Ohio convictions involved this statute. At sentencing, Smith admitted that Ohio convicted him under § 2925.03(A)(2) in both cases. The government said the same. And when the district court asked Smith whether he had any objections to the court's sentencing process, Smith identified none. *See United States v. Vonner*, 516 F.3d 382, 385 (6th Cir. 2008) (en banc); *United States v. Skipper*, 552 F.3d 489, 491–92 (6th Cir. 2009). At best then, Smith wants us to review for plain error an alleged error he invited. That would be a hard sell even if the district court had made a mistake. *See United States v. Morris*, 641 F. App'x 457, 461–62 (6th Cir. 2016). But no evidence exists of a mistake anyway.

We affirm.