**NOT RECOMMENDED FOR PUBLICATION**
File Name: 20a0628n.06
Case No. 19-2448

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | **FILED**<br>Nov 04, 2020<br>DEBORAH S. HUNT, Clerk |
| | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE WESTERN DISTRICT OF |
| LEONARD GLEN OVERMYER, III, | ) | MICHIGAN |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

BEFORE: BOGGS, DONALD, and THAPAR, Circuit Judges.

**BERNICE BOUIE DONALD, Circuit Judge.** In this appeal, Leonard Overmyer challenges the district court's interpretation of U.S.S.G. § 2K2.1(b)(2). Section 2K2.1(b)(2) allows for a reduction to the base-offense level of those convicted of being a felon in possession of a firearm when those firearms are possessed for otherwise "lawful sporting purposes." Here, the district court found that, although Overmyer had three hunting weapons, he could not have held them for otherwise lawful sporting purposes. In denying the reduction, the district court reasoned that Overmyer could not have possessed the hunting weapons for otherwise lawful sporting purposes because he was on supervised release and was barred from possessing firearms under the terms of his release. We AFFIRM.

**I.**

This Court previously summarized the facts of Overmyer's case:

> In 2009, Overmyer pleaded guilty to transporting child pornography, in violation of 18 U.S.C. § 2252A(a)(1). The district court sentenced Overmyer to 87 months of imprisonment, to be followed by ten years of supervised release. The terms of Overmyer's supervised release, among other things, prohibited him from possessing "a firearm, ammunition, destructive device, or any other dangerous weapon." We affirmed. *United States v. Overmyer*, 663 F.3d 862 (6th Cir. 2011).
>
> In 2018, while on supervised release, Overmyer pleaded guilty to being a felon in possession of firearms, in violation of 18 U.S.C. § 922(g)(1). The presentence report described the firearms as bolt-or lever-action rifles stored on a shelf, with cases or a sleeve, and covered by a towel in a detached pole barn adjacent to Overmyer's residential property. The presentence report calculated Overmyer's base offense level as 14 because he was a prohibited person at the time of the offense. *See* USSG § 2K2.1(a)(6)(A). The presentence report also applied a two-level increase because the offense involved three firearms, *see* USSG § 2K2.1(b)(1)(A), and granted a three-level reduction for acceptance of responsibility, *see* USSG § 3E1.1. When combined with his criminal history category of III, Overmyer's total offense level of 13 resulted in a sentencing guidelines range of 18 to 24 months of imprisonment.
>
> Overmyer objected to the presentence report, arguing that his base offense level should be 6, instead of 14, because he possessed the firearms "solely for lawful sporting purposes or collection." *See* USSG § 2K2.1(b)(2). Specifically, Overmyer argued that the firearms were possessed for hunting purposes and as family heirlooms. The government conceded that Overmyer possessed the firearms solely for sporting purposes or collection but argued that his possession was unlawful based on the terms of his supervised release. The district court overruled Overmyer's objection, reasoning that Overmyer failed to establish that the firearms were possessed for collection. The district court sentenced Overmyer to 18 months of imprisonment, to be served consecutively to any term imposed in his 2009 case.

*United States v. Overmyer*, No. 18-2222, 2019 U.S. App. LEXIS 24605, at *1-3 (6th Cir. Aug. 16, 2019) (order). The district court imposed an eight-year term of supervised release for Overmyer's supervised-release violation in the child-pornography case. [R. 62, PageID 96 (No. 1:09-cr-260-PLM (W.D. Mich. Oct. 5, 2018)].

Regarding the felon-in-possession sentence, this Court upheld the district court's determination that Overmyer did not possess the firearms for "collection," but we remanded the

case so that "the district court [could] consider . . . whether the record sustains Overmyer's sporting-purposes argument." *Id.* at *4. We also urged the district court to "consider the government's position that Overmyer's possession of the firearms was unlawful based on the terms of his supervised release." *Id.* at *4-5.

On remand, the district court did just that. While the district court determined that the firearms were "hunting weapons," it ultimately determined that Overmyer's possession of the rifles could not have been "for lawful sporting purposes" because he was on supervised release and one of the conditions of that release was that he could not possess firearms. [R. 49, PageID 11-12, Case No. 1:18-cr-83-PLM (W.D. Mich. Dec. 10, 2019)]. The district court reasoned that, because "[p]ossession of these weapons was in direct violation of the supervised release terms as set by the [c]ourt," [*Id.*,] Overmyer could not get the benefit of the reduction as he could not have possibly possessed the firearms "for *lawful* sporting purposes." *See* USSG § 2K2.1(b)(2) (emphasis added).

The district court re-imposed the original 18-month sentence [R. 49, PageID 278; R.45, PageID 250] and re-imposed the same three-year term of supervised release [R. 49, PageID 279; R. 45 PageID 251]. On appeal, Overmyer argues that the district court misinterpreted and misapplied USSG § 2K2.1(b)(2) when re-sentencing him for the felony-in-possession conviction.[1]

**II.**

The Court declines to address the merits of Overmyer's appeal, because any reduction in his sentence for the felon-in-possession conviction would have no effect on his overall sentence. Thus, the present case is appropriate for application of the concurrent-sentence doctrine.

---

[1] We note the government urges us to find that this appeal is moot, but the government also acknowledges that we might need to overturn, or at the very least depart from, Circuit precedent to reach such a decision. [Appellee Br. at 9-11, 11 n.1.] We decline to do so, as "[o]ne panel of this court may not overrule the decision of another panel." *United States v. Ferguson*, 868 F.3d 514, 515 (6th Cir. 2017).

"Under the concurrent-sentence doctrine, an appellate court may decline to hear a substantive challenge to a conviction when the sentence on the challenged conviction is being served concurrently with an equal or longer sentence on a valid conviction, the defendant will suffer no collateral consequence from the conviction, and the issue does not involve a significant question." *Raines v. United States,* 898 F.3d 680, 687 (6th Cir. 2018) (quotation omitted). The Sixth Circuit "has been ... hesitant to apply this doctrine[,]" and "has invoked it [only] when there is no possibility of adverse 'collateral consequences' if the convictions stand." *Winn v. Renico*, 175 F. App'x 728, 732 (6th Cir. 2006); *see also Groves v. Meko,* 516 F. App'x. 507, 508 (6th Cir. 2013) (quoting *Dale v. Haeberlin,* 878 F.2d 930, 935 n.3 (6th Cir. 1989)) ("The concurrent sentencing doctrine is a discretionary one, and courts 'are admittedly hesitant to apply [it].'"). Adverse consequences that will prevent a court from applying the doctrine include: "an effect on parole or a potential pardon, the existence of state recidivist statutes, the possibility of impeachment at a future trial, the potential for use as evidence of a prior bad act, and possible stigma." *Pillette v. Berghuis,* 408 F. App'x 873, 886 n.8 (6th Cir. 2010).

The present appeal challenges only Overmyer's sentence for the felon-in-possession conviction. As discussed above, Overmyer is serving concurrent terms of supervised release—the three-year term stemming from the felon-in-possession conviction and an eight-year term in the child pornography case. Thus, even if the Court were to invalidate the felon-in-possession sentence, the maximum relief available would be invalidation of only *that* sentence, still leaving Overmyer with the balance of his eight-year term of supervised release in the child-pornography case. Neither elimination nor reduction of his supervised release for the child-pornography conviction would be available even if the felon-in possession conviction and sentence were vacated.

Moreover, the sorts of collateral consequences that counsel against application of the concurrent-sentence doctrine seem to be unlikely in Overmyer's case. Overmyer contends that if the instant sentence remains intact, "he could potentially be punished twice for any misconduct," but that with "a favorable ruling on this appeal, [he] could have sufficient evidence and grounds for terminating or modifying one supervised release sentence." [Appellant Reply Br. at 2]. But this is not correct. The calculation of the firearms guidelines in the instant appeal would only alter the terms of his supervised release as to the felon-in-possession conviction. Thus, even if we were to remand this case for a third re-sentencing, Overmyer's eight-year term of supervised release in the child-pornography case would remain in full.

The Court appreciates Overmyer's argument that a favorable resentencing on the felon-in-possession conviction would benefit him in that it "would be compelling evidence that an injustice occurred in the sentencing process[.]" [Appellant Reply Br. at 1]. But even so, he would still remain on supervised release. Simply put, Overmyer has not demonstrated how a resentencing on the felon-in-possession conviction would allow him to avoid the eight-year term of supervised release that accompanies his child-pornography conviction.

Moreover, Overmyer has not identified an issue of legal significance that warrants deciding even though doing so would have no impact on his overall sentence.

For all of these reasons, the Court exercises its discretion under the concurrent-sentence doctrine to decline to review Overmyer's felon-in-possession sentence.

**III.**

For the foregoing reasons, we AFFIRM.